PATRICK WILLIS AND MILES TOKAR V. STATE.

No. 25,971. October 29, 1952.

Hon. C. G. Dibrell, Judge Presiding.

*Henry Greenberg*, Galveston, for appellant.

*Raymond E. Magee*, County Attorney, and *Jack W. Callahan*, Assistant County Attorney, Galveston, and *George P. Blackburn*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Upon a joint trial, appellants were each assessed a term of 8 years in the penitentiary for possession of marijuana.

The sole question raised on appeal is the legality of the arrest of appellants which led to the finding of marijuana in their pockets.

It is shown, if not conceded, that the arrests were without warrant, and were not made under circumstances authorizing arrests under state law.

The state contended that the arrests, being made by patrolmen of the city of Galveston, were authorized by ordinance of that city, and it was upon this theory that the trial court admitted the testimony.

In his charge to the jury the trial court informed the jury that the city of Galveston had an ordinance set out in the charge which authorized any police officer to arrest without warrant any person found in a suspicious place or under circumstances which reasonably show that such person has been guilty of some felony or breach of the peace, or threatens, or has committed or is about to commit some offense. The jury was instructed to acquit appellant unless they found from the evidence beyond a reasonable doubt that appellants were found by the officers in such a place or under such circumstances.

No objections were made to the charge.

The statement of facts, approved by counsel for the state

and counsel for appellants, contains no ordinance of the city of Galveston, nor do we find any direct testimony that the place of arrest was in the city of Galveston. We are not authorized to take judicial notice of ordinances of municipalities, nor may we assume that the streets patrolled by the officers were within the corporate limits.

In the absence of proof showing the arrests to have been made in the city of Galveston, it is unnecessary that we pass upon the effect of the absence of an objection to the charge.

Nor do we find it necessary to pass upon appellants' contention that, under the facts, the arrests were not authorized by the ordinance set forth in the charge and the contention that the ordinance, if it exists, is invalid.

Upon the record the conviction must be set aside because of the want of authority of the officers to make the arrests and searches.

The judgment against each of appellants is reversed and the causes remanded.

Opinion approved by the Court.