Rebecca Kay WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 38434.

Court of Criminal Appeals of Texas.

Oct. 4, 1965.

John T. Boyce, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Scott F. Bradley and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is the possession of barbiturates; the punishment, 90 days in jail.

The sole question presented is the legality of the arrest.

It is undisputed that the officers had no warrant for appellant's arrest and saw her commit no act other than walking in the company of a man.

■ At the trial the State proceeded on the theory that the arrest was authorized by a city ordinance. The legality of such arrest cannot be sustained under that theory because no ordinance was introduced in evidence, and the facts fail to reveal that the arrest took place within the corporate limits of the city of Dallas. Willis v. State, 157 Tex.Cr.R. 628, 252 S.W.2d 169.

■ On appeal the State takes the position that the arrest was authorized under Section 16 of Article 607, Vernon's Ann. P.C., which denounces a prostitute as being a vagrant. The legality of such arrest cannot be sustained under that theory because there is no evidence that appellant was a common prostitute, even so, her arrest was not authorized by Article 607, supra.

■ Upon the record, the conviction must be set aside because of the want of authority of the officer to make the arrest and search.

The judgment is reversed, and the cause is remanded.